IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD DONTUS LEONARD, | ) | No. C 08-2319 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| ROBERT A. HOREL, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

     Plaintiff, an inmate incarcerated at Pelican Bay State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against several correctional officers at the prison whom he contends stole various items that he purchased from the prison canteen. Plaintiff seeks reimbursement for the value of the allegedly stolen property. The Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief.

## DISCUSSION

A.    Standard of Review

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
2 elements: (1) that a violation of a right secured by the Constitution or laws of the United
3 States was violated, and (2) that the alleged deprivation was committed by a person acting
4 under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

5 B.   Claims

6    In his complaint, Plaintiff asserts claims against the named Defendants for
7 intentional destruction of his personal property. Plaintiff's complaint fails to state a
8 federal claim for relief under § 1983.

9    Ordinarily, due process of law requires notice and an opportunity for some kind of
10 hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas*
11 *& Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor
12 intentional deprivation of property states a due process claim under § 1983 if the
13 deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44
14 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other*
15 *grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S.
16 517, 533 (1984) (intentional destruction of inmate's property).

17    The availability of an adequate state post-deprivation remedy, e.g., a state tort
18 action, precludes relief because it provides sufficient procedural due process. *See*
19 *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore
20 provide meaningful hearing prior to, deprivation statutory provision for post-deprivation
21 hearing or common law tort remedy for erroneous deprivation satisfies due process); *King*
22 *v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an
23 adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.
24 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, where a prison official acts in a
25 random and unauthorized manner to deny an inmate his property (that is, he fails to act in
26 accord with established prison procedures), the claim must be pursued in state, not
27 federal, court. As Plaintiff here alleges that prison officials "stole" personal property that
28 they were not authorized to take from him, Plaintiff's complaint fails to state a claim

2

1  under § 1983 against the named Defendants and must be DISMISSED without prejudice
2  to Plaintiff bringing his claims in a proper forum.

## CONCLUSION

4      For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for failure to
5  state a cognizable claim for relief.  The Clerk shall close the file and enter judgment in
6  this case.
7      IT IS SO ORDERED.
8  DATED: May 30, 2008

                        JEFFREY S. WHITE
                        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HOWARD LEONARD,

    Plaintiff,

v.

ROBERT A. HOREL et al,

    Defendant.

Case Number: CV08-02319 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Howard Leonard
PBSP-II
Pelican Bay State Prison
P O Box 7500
Crescent City, CA 95531

Dated: May 30, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk